Gregory D. Miller
Timothy P. Gonzalez
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601
Telephone: (201) 287-2460
Facsimile: (201) 489-0495
Gregory.Miller@rivkin.com
Timothy.Gonzalez@rivkin.com

Sailesh K. Patel
**ARENTFOX SCHIFF LLP**
230 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
Sailesh.Patel@afslaw.com

Richard J. Berman
Janine A. Carlan
Bradford C. Frese
Michael J. Baldwin
Saukshmya Trichi
**ARENTFOX SCHIFF LLP**
1717 K Street NW
Washington, DC 20006
Telephone: (202) 857-6000
Facsimile: (202) 857-6395
Richard.Berman@afslaw.com
Janine.Carlan@afslaw.com
Bradford.Frese@afslaw.com
Michael.Baldwin@afslaw.com
Saukshmya.Trichi@afslaw.com

*Attorneys for Defendants MSN Laboratories Private Limited, MSN Pharmaceuticals Inc., Renata Limited, Somerset Pharma, LLC, Somerset Therapeutics, LLC, Aurobindo Pharma Limited, and Apitoria Pharma Private Limited.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re Nexletol/Nexlizet ANDA Litigation | Civil Action No. 2:24-cv-05921-JXN-CLW<br><br>**ORDER** |

**THIS MATTER** having been opened to the Court by Defendants MSN Laboratories Private Limited and MSN Pharmaceuticals Inc., ("MSN") and Aurobindo Pharma Limited and Apitoria Pharma Private Limited. ("Aurobindo") (collectively, "Defendants"), pursuant to Local Civil Rule 5.3(c) to seal Highly Confidential Information contained in:

(i) First Amended Complaint for Patent Infringement against MSN (D.E.33), Filed in Docket 24-cv-06386;

1

    (ii)    MSN's Answer, Affirmative Defenses and Counterclaims to First Amended Complaint (D.E.79), Filed in Consolidated Docket 24-cv-05921;

    (iii)    Second Amended Complaint for Patent Infringement Against Aurobindo (D.E.29) Filed in Docket 24-cv-06348

    (i)    Aurobindo's Answer to Second Amended Complaint for Patent Infringement Against Aurobindo (D.E.78) Filed in Consolidated Docket 24-cv-05921

(hereinafter the "Confidential Material"); and the Court having considered the written submissions of the Defendants; and there being no opposition to the requested relief; and the Court having determined that this action involves allegations regarding the disclosure of confidential and proprietary information and for other and good cause having been shown; the Court makes the following findings and conclusions:

## FINDINGS OF FACT

1. The information that Defendants seek to seal has been designated as "Highly Confidential" information.

2. By designating the material as "Highly Confidential," Defendants have represented that the subject information is a trade secret or confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c).

3. This is a pharmaceutical patent infringement action. As such, a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, may contain proprietary and confidential research, development and business information of the Defendants. The material identified herein contains information designated by the Defendants as "Highly Confidential," and includes their proprietary and highly sensitive formulation and other business information.

4. By designating this information "Highly Confidential," it is apparent that Defendants have indicated that the public disclosure of this information would be detrimental to their businesses. Due to the nature of the materials herein, there is no less restrictive alternative to sealing the Confidential Material.

5. Defendants' request is narrowly tailored to only the confidential information contained in the above materials. In this regard, Defendants are permitted to file redacted, non-confidential versions of the subject materials.

## CONCLUSIONS OF LAW

6. Upon consideration of the papers submitted in support of the motion, and the information that Defendants has designated as "Highly Confidential," the Court concludes that Defendants have met their burden of proving under Local Civil Rule 5.3 and applicable case law that the information described above should be sealed. Specifically, the Court concludes that (a) the materials contain confidential information concerning the Defendants' business; (b) the Defendants have a legitimate interest in maintaining the confidentiality of the information to protect its disclosure to potential competitors who could use the information contained therein to develop and market competing products; (c) public disclosure of the confidential information would result in clearly defined and serious injury, including the use of the confidential information by competitors to the Defendants' financial detriment; and (d) no less restrictive alternative to sealing the subject information is available.

7. The foregoing conclusions are supported by relevant case law holding that the right of public access to the full court transcript is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978); *see also Goldenberg v. Indel, Inc.*, No. 09-cv-5202, 2012 WL 15909, at *3-4 (D.N.J.

Jan. 3, 2012). The Court, upon such a proper showing, may in its discretion prevent confidential information from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

**IT IS** on this __5th__ day of _____May_____, 2025

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, that the Defendants' motion to seal is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permit the Confidential Material to be sealed permanently and take such other steps as may be reasonably necessary to maintain the confidentiality of the Confidential Material.

**IT IS FURTHER ORDERED** that the Clerk of Court unseal Plaintiff's Answer to MSN's Counterclaims docketed at D.E. 81, as it does not contain the parties' confidential information.

**IT IS FURTHER ORDERED** that nothing herein shall constitute a ruling concerning future requests to seal.

*s/ Cathy L. Waldor*
HON. CATHY L. WALDOR, U.S.M.J.