MIDLIGE RICHTER, LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622
James S. Richter

*Attorneys for Defendants, Micro Labs Limited
and Micro Labs USA, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ESPERION THERAPEUTICS, INC., | Honorable Julien X. Neals, U.S.D.J. |
| Plaintiff. | Civil Action No. 24 CV 5921 (JXN)(CLW) |
| v. |  |
| MICRO LABS USA, INC. and MICRO LABS LIMITED, | **ORDER GRANTING MOTION TO SEAL** |
| Defendants. |  |

**THIS MATTER** having been opened to the Court by the application of Defendants, Micro Labs Limited and Micro Labs USA, Inc. (collectively "Micro Labs"), by and through its undersigned counsel, in connection with Micro Labs' Omnibus Motion to Seal, pursuant to Local Civil Rule 5.3(c) portions of the Second Amended Complaint (ECF 59), including Exhibits E-L (ECF 59-6), Answer to the Second Amended Complaint (ECF 77) and Plaintiff's Answer to Counterclaims (ECF 80) (collectively, "Confidential Submissions").

The Court having considered the papers submitted by Micro Labs in support of the Motion; and any papers in reply thereto; and the Court having considered and adopted the Declaration of James S. Richter, counsel for Micro Labs, and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential documents and information; and for other and good cause having been shown, the Court hereby makes the following Findings of Fact and Conclusions of Law:

### **FINDINGS OF FACT**

1. Through the entry of the Stipulated Confidentiality Order on January 28, 2025 (ECF 54) ("DCO"), the Court and the parties acknowledge that this action involves the disclosure of confidential information, the public disclosure of which would affect the parties' legitimate business interests. To protect the confidentiality of this information, the parties agreed to maintain the confidentiality of any such materials and strictly limit access to these documents or materials.

2. On April 11, 2025, this Motion to Seal (the "Motion") was filed, pursuant to Local Civil Rule 5.3, seeking to seal portions of the Confidential Submissions.

3. Micro Labs set forth the portions of the Confidential Submissions that it seeks to seal, the basis for sealing those portions, and the alleged injury that will result if the Confidential Submissions are not sealed in the Index filed with the Declaration of James S. Richter ("Richter Decl.") in support of the Motion.

4. The Confidential Submissions disclose Micro Labs' nonpublic and proprietary competitively sensitive business information that it maintains in confidence and is of the type that is treated as confidential and proprietary generally. In particular, portions of the Confidential Submissions contain reference to and discussion of Micro Labs' confidential business information,

and information Micro Labs' considers highly confidential, competitive, and non-public information relating to Micro Labs' ANDA application and competitively sensitive information relating to Micro Labs's related business strategies that is not otherwise public, as well as details of Micro Labs's ANDA disclosures, manufacturing information, future marketing and sales, business strategies and other technical and business information of Micro Labs. *See generally* Richter Decl.

5. The DCO entered in this matter provides for the confidential treatment of this type of proprietary information. The legitimate private or public interests which warrant confidentiality are Micro Labs has a legitimate interest in maintaining the confidentiality of its commercial strategies, as well as information relevant to research, development, technical and supplier information. The clearly defined and serious injury that would result if the Confidential Submissions are disclosed is: Micro Labs would be seriously injured. Information which was not intended to be seen by competitors would be available for review and potential use against the parties. Moreover, competitors (actual and potential) in the highly competitive pharmaceutical industry, who are not parties to this action would have access to the information. There is no less restrictive alternative to the sealing of the Confidential Submissions.

6. Micro Labs has complied with the terms of the DCO and Local Civil Rule 5.3(c) by moving to seal the Confidential Submissions.

7. There is no less restrictive alternative to maintaining the Confidential Submissions under seal. Only the confidential information included in the Confidential Submissions will be restricted from public access, which is a necessary compromise in a litigation involving private litigants.

3

## CONCLUSIONS OF LAW

11. Common law recognizes a public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

12. This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

13. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

14. Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. *See Littlejohn*, 851 F.2d at 678 (citations omitted).

15. The District of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial

information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id*. (citations omitted).

16. Under Local Civil Rule 5.3(c)(3), the party seeking to seal documents must describe why no less restrictive alternative to the relief sought is available.

17. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

18. The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See, e.g.*, *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004).

19. For all the above reasons, and because the parties' interest in the Confidential Submissions identified herein outweigh the minimal, if any, public interest in its disclosure, there is good cause to grant the instant Motion.

**WHEREFORE**, the Court having found that the relief sought is warranted; and for good cause shown,

**IT IS** on this ___5th___ day of May, 2025,

**ORDERED** as follows:

1. The Motion to Seal portions of the Confidential Submissions is hereby granted.

2. The Clerk of the Court shall maintain under seal the portions of the Confidential Submissions - Second Amended Complaint (ECF 59), Exhibit L (ECF 59-6), the Answer to the Second Amended Complaint (ECF 77) and Plaintiff's Answer to Counterclaims (ECF 80).

*s/ Cathy L. Waldor*
Honorable Cathy L. Waldor, U.S.M.J.