# EXHIBIT B

WALSH PIZZI O'REILLY FALANGA

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

March 9, 2026

**CONFIDENTIAL – FILED UNDER SEAL**

**VIA ECF**
Honorable Cari Fais, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re: *In re Nexletol/Nexlizet ANDA Litigation***
**Civil Action No. 2:24-cv-05921 (JXN-CLW)**

Dear Judge Fais:

This firm, together with White & Case LLP, represent Plaintiff Esperion Therapeutics, Inc. ("Esperion") in the above-referenced matter. We write to respectfully request until March 13, 2026 to respond to Defendant Sandoz Inc.'s ("Sandoz") March 6, 2026 letter to Your Honor ("Sandoz's Letter"). (ECF No. 221). Esperion respectfully submits that one week to respond to Sandoz's Letter is reasonable, given not only the nature of the dispute and timing within which Sandoz has provided Esperion with information regarding same, but also in light of other case deadlines this week, including the responsive claim construction submission and deposition of an Esperion witness, both of which occur on March 11, 2026.

On March 6, 2026, Sandoz unilaterally raised a discovery dispute with the Court that Esperion believed was to be raised through a joint submission—as has been the past practice in the case and as was discussed by the parties during a March 5 meet and confer.[1] Rather than proceed with a joint submission, Sandoz now insists that the parties' dispute and Sandoz's request to postpone its witnesses' depositions (which are currently scheduled to begin in mid-

[1] During the course of the March 5 meet and confer, Sandoz first indicated that it intended to submit a letter to the Court on March 6; Sandoz stated that it would provide Esperion with its position that evening and demanded Esperion provide its position by March 6, so that the parties could jointly raise this dispute. In response, Esperion indicated that it would need additional time to provide its position and also suggested that the parties notify the Court at the upcoming March 10 status conference that a joint submission was forthcoming and to request the Court to set aside time to consider both parties' positions after that joint submission is made. Sandoz stated that it would get back to Esperion that evening with a proposal as to the timing of a joint submission. Sandoz neither provided Esperion with its position for a joint submission, nor returned with any proposal for a schedule to prepare a joint submission. Instead, to Esperion's surprise, Sandoz unilaterally filed its letter at 4pm on Friday, March 6.

April) is too urgent to abide by the joint submission process, and instead insists that the Court decide the dispute on an expedited timeline and without the benefit of considering Esperion's position. Esperion respectfully disagrees.

[redacted] Yet, Sandoz never alerted Esperion regarding [redacted] Instead, in January 2026, after Esperion serendipitously learned of [redacted] through publicly available information, Esperion raised [redacted] with Sandoz via a Rule 30(b)(6) Notice. Sandoz did not raise the issue of [redacted] but proceeded to request an extension to the close of fact discovery for two months to accommodate the scheduling of depositions. Sandoz, along with the other defendants in this action, then proceeded to notice the deposition of twelve Esperion witnesses. Sandoz also identified witnesses and dates for its own 30(b)(6) deposition. It was only after Esperion agreed to the extension of fact discovery and Sandoz provided the dates for its 30(b)(6) witnesses—weeks after Esperion first identified the issue—that Sandoz suddenly informed Esperion that [redacted] requires a further adjustment to the case schedule which had just been extended by two months.

During the course of the parties' meet and confers regarding this issue, Esperion sought clarity as to [redacted]. Sandoz repeatedly told Esperion it had no information as to [redacted] and, therefore, could not say whether it would *ever* become relevant. It was not until late last week, at the tail end of an hour-long meet and confer during the evening of March 5, 2026, and after Sandoz had already declared an impasse, that Sandoz informed Esperion—for the first time—[redacted]

As such, to the extent there is any urgency to resolve this dispute (which Esperion denies) it is of Sandoz's making, and Esperion should not be prejudiced in preparing its response. As Esperion will explain in detail in its substantive submission, [redacted] not necessitate any deviation from the existing schedule of depositions and does not provide a basis for effectively staying discovery as to Sandoz, as Sandoz now requests.

Accordingly, Esperion respectfully requests that the Court allow Esperion until Friday March 13 to provide a response to Sandoz's letter. If this meets with the Court's approval, we respectfully request that Your Honor sign the below form of endorsement and have it entered on the docket. Thank you for Your Honor's kind attention to this matter

Respectfully submitted,

*s/Liza M. Walsh*

Liza M. Walsh

cc: Sandoz Counsel of Record (via ECF and E-Mail)

**SO ORDERED this ____ day of March 2026.**

______________________________________
**Honorable Cari Fais, U.S.M.J.**