**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re NEXLETOL/NEXLIZET ANDA Litigation | Consolidated Civil Action No. 2:24-05921 (JCG-CF)<br><br>ANDA CASE<br><br>*Filed Electronically* |

**STIPULATION AND ORDER**

WHEREAS, Plaintiff Esperion Therapeutics, Inc. (collectively, "Plaintiff") filed this patent infringement action against Defendant Sandoz Inc. ("Sandoz") alleging infringement of U.S. Patent Nos. 11,926,584 ("'584 Patent"), 11,760,714 ("'714 patent"), 11,613,511 ("'511 patent"), 10,912,751 ("'751 patent"), 11,744,816 ("'816 patent"), 12,398,087 ("'087 patent"), and 12,404,227 ("'227 patent") based on Sandoz's submission of Abbreviated New Drug Applications ("ANDAs") seeking approval to manufacture and sell generic versions of NEXLETOL® and NEXLIZET® ("Sandoz's ANDA Products");

WHEREAS on March 6, 2025, Sandoz served its Non-Infringement Contentions on Plaintiff regarding the '751 patent, '511 patent, '816 patent, '714 patent, and '584 patent;

WHEREAS on May 8, 2025, Plaintiff served Infringement Contentions on Sandoz regarding the '751 patent, '511 patent, '816 patent, '714 patent, and '584 patent;

WHEREAS on September 29, 2025, Plaintiff filed a Third Amended Complaint adding allegations of infringement of the '087 patent and the '227 patent;

WHEREAS on October 10, 2025, Plaintiff served its First Amended Infringement Contentions on Sandoz regarding the '087 patent and the '227 patent;

WHEREAS on November 7, 2025, Sandoz served its Non-Infringement Contentions on Plaintiff regarding the ’087 patent and the ’227 patent;

WHEREAS on November 17, 2025, Plaintiff served its Second Amended Infringement Contentions on Sandoz regarding the ’751 patent, ’511 patent, ’714 patent, ’584 patent, ’816 patent, ’087 patent, and ’227 patent;

WHEREAS on May 6, 2026 fact discovery closed (ECF No. 218), except as modified by Court order (ECF No. 239);

WHEREAS also on May 6, 2026, Plaintiff filed a request with the Court for an extension of the close of fact discovery for the limited purpose of allowing Plaintiff to either present a stipulation to amend its Infringement Contentions on consent or an application for leave to amend contentions, which Sandoz objected to as inconsistent with the New Jersey Local Patent Rules (ECF No. 249);

WHEREAS also on May 6, 2026, Plaintiff emailed Sandoz’s counsel a redline of Plaintiff’s Supplemental Third Amended Infringement Contentions[1], which includes amendments with respect to the ’816 and ’751 patents that Plaintiff alleges address revisions to Sandoz’s proposed labels for Sandoz’s ANDA Products, which Plaintiff purports were not previously available to it, and sought via the same email Sandoz’s consent to same, but due to email file size restrictions, Sandoz did not receive the email;

[1] Plaintiff’s Supplemental Third Amended Infringement Contentions also included supplemental citations to data and other evidence in support of Plaintiff’s previously disclosed contentions for the ’511 patent, ’714 patent, ’584 patent, ’087 patent, and ’227 patent, for which Plaintiff contends no amendment is necessary and Plaintiff provided to Defendant as a courtesy to provide notice to Sandoz of supplemental evidence on which Plaintiff intends to rely. Sandoz disagrees that Plaintiff’s Supplemental Third Amended Infringement Contentions with respect to the ’511 patent, ’714 patent, ’584 patent, ’087 patent, and ’227 patent can be considered operatively “served” without seeking leave of court. *See* L. Pat. R. 3.6(j).

WHEREAS, on May 7, 2026, the Court granted Plaintiff's request for an extension of the fact discovery deadline (ECF No. 250);[2]

WHEREAS on May 15, 2026, Sandoz received the redline of Plaintiff's Supplemental Third Amended Infringement Contentions;

WHEREAS on May 28, 2026, and again on June 3, 2026, Sandoz indicated it would not oppose Plaintiff's request for leave to serve its Supplemental Third Amended Infringement Contentions with respect to the '816 and '751 patents with the understanding that Sandoz's experts would be permitted to respond to the new allegations during expert discovery, that it was not required under the New Jersey Local Patent Rules to respond to Plaintiff's amended infringement contentions until expert discovery, and that it could respond to Plaintiff's amended infringement contentions with documents produced by the parties and deposition testimony obtained by the parties during discovery;

WHEREAS, Plaintiff reserves the right to object to Sandoz's reliance on new arguments or documents to the extent such reliance is not in compliance with Sandoz's obligations under the New Jersey Local Patent Rules;

WHEREAS, Plaintiff contends that there is good cause under Local Patent Rule 3.7 to allow the Supplemental Third Amended Infringement Contentions since Sandoz's revised proposed labels for Sandoz's ANDA Products were produced to Plaintiff on March 6, 2026 and March 11, 2026, after the Infringement Contentions were served and produced documents on April 28, 2026 indicating further revisions to the labels for Sandoz's ANDA Products may be forthcoming;

WHEREAS, Sandoz disagrees that the parties were required under the New Jersey Local Patent Rules to amend their respective contentions due to the type of labeling changes involved in

---

[2] The Court granted further requests from Plaintiff, and the deadline was subsequently extended until June 16, 2026. *See* ECF Nos. 254, 257, 260, 262.

this matter or that there is good cause or any reason to amend Plaintiff's Infringement Contentions, but to avoid burdening the Court and in the interest of efficiency, Sandoz agreed to not oppose Plaintiff's amendments contained in the Supplemental Third Amended Infringement Contentions.

IT IS HEREBY STIPULATED AND AGREED by the Parties, by and through their undersigned counsel, subject to approval of the Court, as follows:

1. Plaintiff is hereby granted leave to amend its Infringement Contentions as to Defendant Sandoz Inc. as set forth in Plaintiff's Supplemental Third Amended Infringement Contentions with respect to the '816 and '751 patents;

2. Plaintiff's Supplemental Third Amended Infringement Contentions with respect to the '816 and '751 patents are hereby deemed effective.

Dated: June 16, 2026

By: */s/ Eric I. Abraham*
Eric I. Abraham
William P. Murtha
Kristine L. Butler
HILL WALLACK LLP
21 Roszel Road
Princeton, NJ 08540
(609) 924-0808

Mark H. Remus
Laura A. Lydigsen
Mary E. LaFleur
Jung Shin
CROWELL & MORING LLP
300 N. LaSalle Drive, Suite 2500
Chicago, IL 60654
(312) 321-4200

*Attorneys for Defendant Sandoz Inc.*

Respectfully submitted,
By: */s/ Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

OF COUNSEL:
Nicholas K. Mitrokostas
Michael Wiper
Yu-Ting Chen
WHITE & CASE LLP
75 State St
Boston, MA 02109
Tel.: (617) 979-9300

Elizabeth J. Holland
Becky Steephenson
Ryan Curiel
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020

Tel. (212) 819-8200

William G. James
Jenny J. Zhang
Michelle Bone
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Tel.: (202) 626-3600

*Attorneys for Plaintiff*
*Esperion Therapeutics, Inc.*

Pursuant to the foregoing stipulation,

IT IS SO ORDERED this 17th day of June, 2026.

***/s/ Cari Fais***

HON. CARI FAIS, U.S.M.J.